# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### January 23, 2015 Session

## LESLIE A. MUSE v. ROBERT L. JOLLEY, JR.

**Appeal from the Chancery Court for Knox County**
**No. 178069-3     Telford E. Forgety, Jr., Chancellor**

---

**No. E2014-02462-COA-T10B-CV - Filed January 23, 2015**

---

This is an interlocutory appeal as of right, pursuant to Rule 10B of the Rules of the Supreme Court of Tennessee, from the trial court's denial of a motion to recuse in a divorce proceeding. Having reviewed the petition for recusal appeal filed by the Wife, Leslie A. Muse ("Wife"), pursuant to Rule 10B of the Rules of the Tennessee Supreme Court, along with the motion to dismiss this appeal filed by Husband, Robert L. Jolley, Jr. ("Husband"), we conclude that the petition was not timely filed. Accordingly, we grant the motion, and dismiss this appeal.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Appeal Dismissed;**
**Case Remanded**

CHARLES D. SUSANO, JR., C.J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Leslie Allison Muse, Knoxville, Tennessee, appellant, *pro se.*

Franz F. Springmann, Sr., Sevierville, Tennessee, for the appellee, Robert L. Jolley, Jr.

## OPINION

This appeal arises out of a divorce proceeding filed in 2010. According to the petition filed in this Court, Wife filed a motion for recusal of the judge arguing that numerous continuances and other preliminary evidentiary rulings issued by the trial court judge, as well as his statements from the bench regarding his frustration with the progress of the case and the parties' inability to control their fourteen-year-old daughter in terms of compliance with the temporary co-parenting schedule, required removal of the trial court judge from the case. A hearing on the motion was held in September of 2014. The trial court judge denied the motion by written order finding that Wife had "failed to come forward with evidence that

would prompt a reasonable, disinterested person to believe that the [C]ourt's impartiality might be reasonably questioned." The order noted that the "bias or prejudice" necessary to support recusal "must come from an extrajudicial source and not be based on what the Court sees or hears before it in the matter before the Court." The order further noted that "comments reflecting insensitivity and lack of sympathy on the part of the Judge are insufficient to establish impartiality unless they are pervasive and accompanied by prejudicial conduct."

The order denying Wife's motion was stamped filed by the trial court clerk on November 19, 2014. The order was approved for entry by the parties through their counsel prior to its entry[1] and bears the signature of the trial court judge. However, the trial court clerk did not certify that the order was mailed to all parties until December 3, 2014. Wife asserts in her petition that she did not receive the order until December 5, 2014, and that the time for filing an interlocutory appeal as of right from the trial court's denial of her motion should not have begun to run until December 3, 2014, when the order was mailed to the parties by the trial court clerk. In the alternative, Wife asks this Court to allow the untimely filing of her petition seeking review of the order, presumably pursuant to the authority granted by Rule 2 of the Rules of Appellate Procedure.

## ANALYSIS

Appeals from orders denying motions to recuse or disqualify a trial court judge from presiding over a case are governed by Rule 10B of the Rules of the Supreme Court of Tennessee. Pursuant to section 2.01 of Rule 10B, a party is entitled to an "accelerated interlocutory appeal as of right" from an order denying a motion for disqualification or recusal of a trial court judge. The appeal is effected by filing a "petition for recusal appeal" with the appropriate appellate court "within fifteen days of the trial court's entry of the order." Tenn. Sup. Ct. R. 10B, § 2.02. "If the appellate court, based upon its review of the petition and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal. Otherwise, the appellate court shall order that an answer to the petition be filed by the other parties. The court, in its discretion, also may order further briefing by the parties within the time period set by the court." Tenn. Sup. Ct. R. 10B, § 2.05. Rule 10B goes on to provide that "[t]he appeal shall be decided by the appellate court on an expedited basis upon a de novo standard of review. The appellate court's decision, in the court's discretion, may be made without oral argument." Tenn. Sup. Ct. R. 10B, § 2.06.

---

[1]Wife is an attorney representing herself and the order was signed with her permission by counsel for Husband.

We have determined in this case after a review of the petition and supporting documents submitted with the petition that an answer, additional briefing, and oral argument are unnecessary to our disposition because Husband's motion to dismiss is well-taken based upon the record provided by Wife. As such, we have elected to act summarily on this appeal in accordance with sections 2.05 and 2.06 of Rule 10B.

The effective date of entry of the order denying Wife's motion for recusal of the judge was not the date upon which it was mailed to the parties (December 3, 2014), but rather the date upon which it was stamped filed by the Trial Court Clerk (November 19, 2014). Because the order bears "the signatures of the judge and all . . . counsel," it was effective when "marked on the face by the clerk as filed for entry." Tenn. R. Civ. P. 58(1). The date marked on the face of the order by the trial court clerk as the date the order was filed for entry was November 19, 2014. The Advisory Commission's Comments to the 2005 amendment to Rule 58 note that "[t]he request and mailing, or failure to mail, do not affect the time for filing . . . a notice of appeal." Tenn. R. Civ. P. 58, Advisory Comm'n Comment to 2005 Amendment. We conclude that the same should hold true with regard to the time for filing a petition for recusal appeal.

We acknowledge that Wife has asked this Court to "waive" the timely filing of her petition for recusal appeal. However, we conclude that we have no such authority pursuant to Rule 2 of the Rules of Appellate Procedure, which allows this Court "to suspend the requirements or provisions" of certain rules of appellate procedure on motion of a party or on the Court's own motion. The time for filing a petition for recusal appeal is not a requirement or provision of any rule of appellate procedure. Rather, it is a requirement of Rule 10B of the Rules of the Supreme Court of Tennessee, which we cannot waive pursuant to Rule 2 of the Rules of Appellate Procedure.

## CONCLUSION

Having determined that Husband's motion to dismiss is well-taken based upon the record provided by Wife, the motion to dismiss is granted and this appeal is dismissed. Wife is taxed with the costs of this appeal, for which execution may issue. Case remanded for further proceedings.

_____
CHARLES D. SUSANO, JR., CHIEF JUDGE